UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:

SALUBRIO LLC,                                              Bankruptcy Case No. 20-50578-RBK

    *Debtor*.

_____

DOUGLAS K. SMITH M.D.,

    *Appellant*,

v.                                                          Case No. 5:26-CV-00346-JKP

ERIC B. TERRY, CHAPTER 7 TRUSTEE

    *Appellee*.

**MEMORANDUM OPINION AND ORDER**

On this date, the Court considered the above-captioned appeal from the United States Bankruptcy Court for the Western District of Texas. The subject of this appeal is an Order entered by the Bankruptcy Court on January 9, 2026. *See* Cause No. 20-50578 (*ECF No. 1116*). In the Order, United States Bankruptcy Judge Ronald B. King overruled an objection from Appellant Douglas K. Smith ("Smith") and denied his requested relief because Smith presented "a multifarious motion" that did not state any substantive grounds for granting it. *Id*. Now on appeal, because Smith fails to carry his burden of establishing he has standing to bring this appeal, the Court dismisses this matter for Smith's lack of standing.

The Fifth Circuit Court of Appeals and district courts in the Western District of Texas have found Appellant Douglas K. Smith ("Smith") to be a "prolific bankruptcy appellant." *See*, *e.g.*, *In re Smith*, Cause No. 5:25-CV-00101 (W.D. Tex. Mar. 4, 2026), (*ECF No. 16* at 1).[1] Still, "Smith continues to file procedurally improper and frivolous filings." *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 23-50288, 2024 WL 1795773, at *2 (5th Cir. Apr. 25, 2024) (per curiam). Smith has specifically been warned, on multiple occasions, he is required to cite to the record on appeal. *See*, *e.g.*, *In re Smith*, Cause No. 22-CV-00086, 2024 WL 2228159, at *7–8 (W.D. Tex. May 16, 2024); *In re Smith*, Cause No. 5:25-CV-00101 (W.D. Tex. Mar. 4, 2026), (*ECF No. 16* at 2).

As a threshold matter, Smith does not present a response to Trustee Eric Terry's claim Smith lacks standing to pursue this appeal. *See ECF Nos. 9, 10*. The appellant bears the burden of establishing that he or she has standing to bring an appeal. *McCardell v. U.S. Dept. of Hous. and Urb. Dev.*, 794 F.3d 510, 516 (5th Cir. 2015). Thus, "the putative appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal." *E.g.*, *In re Acis Capital Mgt., L.P.*, 604 B.R. 484, at *506 n.19 (N.D. Tex. 2019), *aff'd sub nom. Matter of Acis Capital Mgt., L.P.*, 850 Fed. Appx. 302 (5th Cir. 2021)(unpublished) (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)). Because Smith does not address the issue of his own standing to pursue this appeal, (*see ECF Nos. 2, 10*), the Court finds he fails to carry his burden and therefore the Court dismisses this appeal for Smith's lack of

---

[1] *See also Matter of Smith*, No. 24-50494, 2025 WL 985934 (5th Cir. Apr. 2, 2025); *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 24-50272, 2024 WL 4834238 (5th Cir. Nov. 20, 2024) (per curiam); *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 23-50288, 2024 WL 1795773 (5th Cir. Apr. 25, 2024) (per curiam); *Smith v. Terry (In re Smith)*, No. 22-50999, 2023 WL 4992835 (5th Cir. Aug. 4, 2023) (per curiam); *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 22-50453, 2023 WL 3143686 (5th Cir. Apr. 28, 2023) (per curiam).

standing.[2] Although, as addressed below, additional reasons exist for *denying* his appeal.

Bankruptcy appeals in district courts are governed by the Federal Rules of Bankruptcy Procedure. Rule 8014(a) outlines the content that must be contained in a bankruptcy appellant's brief:

(1)  a disclosure statement, if required by Rule 8012;

(2)  a table of contents, with page references;

(3)  a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

(4)  a jurisdictional statement, including:

   (A)  the basis for the bankruptcy court's subject-matter jurisdiction, citing applicable statutory provisions and stating relevant facts establishing jurisdiction;

   (B)  the basis for the district court's or BAP's juris diction, citing applicable statutory provisions and stating relevant facts establishing jurisdiction;

   (C)  the filing dates establishing the timeliness of the appeal; and

   (D)  an assertion that the appeal is from a final judgment, order, or decree—or information establishing the district court's or BAP's jurisdiction on another basis;

(5)  a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;

(6)  a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;

(7)  a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

---

[2] *See also Matter of Salubrio, L.L.C.*, No. 22-50453, 2023 WL 3143686 (5th Cir. Apr. 28, 2023); *In re Smith*, No. 21-CV-01135-XR, 2022 WL 16825195 (W.D. Tex. Nov. 2, 2022), *aff'd sub nom. Matter of Smith*, No. 22-50999, 2023 WL 4992835 (5th Cir. Aug. 4, 2023); *In re Smith*, Cause No. 5:21-CV-00476 (W.D. Tex. Aug. 5, 2022).

(8)   the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;

(9)   a short conclusion stating the precise relief sought; and

(10)  the certificate of compliance, if required by Rule 8015(a)(7) or (b).

Fed. R. Bankr. P. 8014(a). Failure to comply with this rule can lead to denial of the appeal and result in the district court affirming the bankruptcy court's decision. *See Edwards v. Am.'s Home Place, Inc.*, No. CV 3:20-CV-00808-JWD-EWD, 2021 WL 4311810, at *2 (M.D. La. Sept. 22, 2021); *Chlad v. Chapman*, No. 1:17-CV-05198, 2018 WL 4144627, at *3 (N.D. Ill. Aug. 30, 2018) (collecting cases), *aff'd sub nom. In re Chlad*, 922 F.3d 856 (7th Cir. 2019).

Here, Appellant's Opening Brief, (*ECF No. 2*), fails to comply with Rule 8014. Among other issues, the brief contains no citations to "parts of the record" on appeal and no cogent legal argument explaining the basis for the relief sought. Fed. R. Bankr. P. 8014(a). This is unsurprising as Dr. Smith filed his Appellant's Opening Brief, (*ECF No. 2*), prior to the Clerk's Record for this appeal being prepared. *See ECF No. 7.*

Rule 8014 "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." *Edwards*, 2021 WL 4311810, at *3 (quoting *In re Ross*, No. ADV 02-4326, 2004 WL 6030762, at *3 (B.A.P. 1st Cir. June 4, 2004)). Lacking a clear argument and devoid of a single citation to the record on appeal, the Court cannot begin the task of analyzing the supposed flaws Smith perceives in the Bankruptcy Court's proceedings.[3] *See Akkineni v. Firstservice Residential Texas, Inc.*, No. 4:24-CV-00939-

---

[3] The fact that Smith proceeded *pro se* does not save him. In proceeding *pro se*, one "acquires no greater rights than a litigant represented by a lawyer," beyond "liberal construction of properly filed pleadings." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). "The rules of procedure and the rules governing bankruptcy proceedings apply

4

SDJ, 2026 WL 870412 (E.D. Tex. Mar. 30, 2026*)*; *McCoy v. U.S.*, No. 3:18-CV-00021, 2019 WL 1084211, at *3 (S.D. Tex. Mar. 7, 2019), *aff'd sub nom. Matter of McCoy*, 810 Fed. Appx. 315 (5th Cir. 2020) (unpublished).

Still, even providing Appellant's Opening Brief a liberal construction and attempting to decipher Smith's arguments,[4] it is unclear what relief Smith requests from this Court. For example, in the Statement of Issues, Smith appears to be challenging:

(1) Whether Trustee Eric Terry's ("Terry") failed to prove "Article III standing";

(2) Whether Smith's "express denial of consent" to an Article I court rendered all court orders unconstitutional;

(3) Whether a "fraud-on-the-Court" occurred;

(4) Whether Smith was denied "a constitutionally protected right to a fair trial";

(5) Whether certain conditions require "mandatory disgorgement of cash"; and

(6) Whether alleged "concealment" of evidence by a judge somehow disqualifies material witnesses in future grand jury proceedings.

*ECF No. 2* at 11–12.

Upon review of the Order entered by the Bankruptcy Court on January 9, 2026, *see* Cause No. 20-50578 (*ECF No. 1116*), and Smith's Objection that preceded it, *see id.* (*ECF No. 1115*), Smith made similar requests, alongside requests for recusal of the bankruptcy judge and for "judicial denial of Trustee Terry's request to continue the nearly six year distribution of cash collateral," *id.* (*ECF No. 1115* at 12). To the extent Smith's main objection is to the Bankruptcy Court denying a request to reconsider and deviate from its five-year old *Final Order Authorizing*

---

equally to everyone." *In re Salter*, 251 B.R. 689, 692 (S.D. Miss.), *aff'd*, 234 F.3d 28 (5th Cir. 2000). Therefore, the Court must hold Akkineni to the rules and standards applicable to all parties in bankruptcy appeals. *See Price v. Porter*, 351 F.App'x 925, 926 (5th Cir. 2009) (per curiam) ("[P]*ro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law[.]").

[4] The Court acknowledges Smith includes some sporadic citations to docket entries from the case below, without referencing the record on appeal. *See ECF No. 2.*

*Use of Cash Collateral*, *see* Cause No. 20-50578 (*ECF No. 348*), the Court agrees with the Bankruptcy Court's finding that Smith did not state any substantive grounds for doing so. The Court therefore, upon analysis, could not conclude the Bankruptcy Court erred.

## CONCLUSION

For the foregoing reasons, this appeal is **DISMISSED** for Smith's lack of bankruptcy standing. Contemporaneously, with this Memorandum Opinion and order, the Court will issue a final judgment dismissing the appeal.

It is SO ORDERED.
SIGNED this 11th day of June, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE